THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY, DEFENDANT.

### CLAIM OF PLEASANT H. PENDLETON AND OTHERS, APPELLANTS.

*Receiver of an insolvent corporation — when he makes himself a party to an action by conducting an appeal taken by the company from a judgment recovered against it before its dissolution — he is bound by a judgment recovered against the company upon a new trial ordered by the appellate court.*

On May 19, 1881, a judgment was recovered upon the trial of the issues in an action brought against the defendant corporation in the Circuit Court of the United States in Tennessee, to review which judgment a writ of error was taken on May twenty-eighth from the Supreme Court of the United States, a *supersedeas* bond for a stay of proceedings being given by the company in the sum of $20,000, the sureties in which were secured to the extent of $21,000.

Under an interlocutory judgment entered on December 29, 1882, in an action brought in this State, dissolving the company and forfeiting its privileges and franchises, a receiver was appointed to settle its affairs, who took charge of the proceedings in the first mentioned action and employed counsel, by whom the case was argued in 1884, and January, 1885, before the Supreme Court of the United States, which reversed the judgment and directed a new trial, but retained the mandate until the adjournment of the term. Before such adjournment the court, having discovered, in considering a motion for a reargument made by the plaintiff in that action, that the writ of error and citation thereon had been addressed to but one of the plaintiffs in the action,

ordered the parties to show cause why the judgment of reversal should not be vacated and the writ of error be dismissed.

Upon the petition of the receiver, stating what had been done to secure the sureties, the court permitted the writ of error to be amended and the other plaintiffs to be made parties upon the condition that a reargument should be ordered; the condition was accepted, a reargument was had, and the judgment was again reversed, the mandate being filed in the Circuit Court on December 11, 1885, where an order was made directing the cause to be docketed to stand for trial at that term.·

A judgment recovered by the plaintiff in that action, upon a trial had at that term of the Circuit Court, having been presented by persons to whom it had been assigned to the referee appointed to pass upon the claims of the receiver of the defendant corporation, was by such referee rejected upon the ground that it was recovered against the company after its dissolution.

*Held,* that he erred in so doing.

That the receiver, by taking charge of the writ of error while it was pending, and controlling and directing all the proceedings, including their extension so far as to bring in new parties, made himself the defendant in the litigation as completely as though he had been named as such in the action.

That as the receiver had proceeded so far with the litigation as to deprive, by his efforts, the plaintiffs of the judgment which they had recovered against the company before it was dissolved, and in that manner obtained the securities provided for the indemnity of the sureties in the bond, the fact that he did not attempt to defend the action upon its retrial did not render the judgment recovered thereon any the less effectual as against him.

APPEAL by Pleasant H. Pendleton and others from an order affirming the report of a referee, disallowing a claim presented by them to the receiver of the defendant and against its assets.

*A. Walker Otis,* for the appellants.

*Leslie W. Russell,* for the receiver, respondent.

DANIELS, J.:

The receiver was appointed to settle the affairs of the insurance company under an interlocutory judgment recovered on the 29th of December, 1882, by which the company was dissolved and its corporate rights, privileges and franchises forfeited. The judgment, which was the foundation of the claim presented to the receiver, was recovered in the Circuit Court of the United States, including the western division of the western district of Tennessee, on or about the 25th of January, 1886, and it was rejected by the referee as unauthorized and incapable of legally sustaining the

claim, by reason of the fact that it was recovered against the com-pany after it was so dissolved. But it appeared further, from the evidence before the referee, whose report was confirmed, that a preceding judgment had been recovered on the trial of the issues in the same court on the 19th of May, 1881. From this judgment, on the twenty-eighth of the same month, a writ of error was taken from the Supreme Court of the United States, and a *supersedeas* bond for the stay of proceedings was given by the company in the sum of $20,000, the sureties in which were secured to the extent of $21,000. After the appointment of the receiver, he took charge of the proceedings in the action on the writ of error, and employed counsel to argue the cause before the Supreme Court of the United States. It was so argued by the counsel in 1884, and in January, 1885, the court reversed the judgment and directed a new trial, but retained the mandate until the adjournment of the term. Before such adjournment, the counsel for the plaintiff in the action filed a petition for a reargument, and while that was pending it was dis-covered by the court that the writ of error and citation thereon had been addressed to but one of the plaintiffs in the action, and on that discovery the court ordered the parties to show cause why the judgment of reversal should not be vacated and the writ of error dis-missed. The receiver filed a petition stating what had been done to secure the sureties in the bond, and asking for an amendment of the writ of error by bringing in the other plaintiffs in the action. This was allowed by the court, and the writ of error was amended and the other plaintiffs made parties upon the condition that there should be a reargument of the case. That condition was accepted, the cause was afterwards reargued, and the judgment was again reversed and a new trial ordered, and on that decision a mandate to that effect was issued to the Circuit Court. This was filed on the 11th of December, 1885, and an order entered on the authority of the mandate, directing " that the cause be docketed to stand for trial at this term." And it seems to have been tried and the judgment recovered pursuant to this direction.

The referee considered that this interference in the litigation by the receiver did not authorize the Circuit Court afterwards to try the cause and direct judgment in favor of the plaintiffs. And whether that was the correct view to be taken of the effect of his

interference in the litigation is the point which must control the disposition of this appeal.   If he made himself a party to the pro-ceeding by taking charge of the writ of error and employing counsel, who represented him upon the argument and in the other proceedings before the Supreme Court and afterwards in the Circuit Court, then he could not, by subsequently abandoning the action, prevent the plaintiffs from bringing it to trial and obtaining a judgment in it entitling them to participate in the distribution of the proceeds of the assets of the company    That he was not named in the title of the cause as the receiver of the company was not important, for a person may become a party to a legal proceeding without that formality, as was held in *Jay* v. *De Groot* (2 Hun, 205), and in *Castle* v. *Noyes* (14 N. Y., 329).   To make himself a party to the action and to con-clude him by the judgment, no more was required than the enjoy-ment of the right to appear and control it, to appeal from the judgment, and produce and resist evidence upon the trial of the issues.   (Id., 332.)   And the receiver was allowed to place himself, as he voluntarily did, in a position where he secured these rights ; for, while he did not himself bring the writ of error from the judgment, he took charge of it after his appointment and while it was pending, and controlled and directed all the proceedings under it, including their extension, so far as to bring in the other plain-tiffs in the action, and which, as to them, had the effect of a new writ.   Beyond that, the mandate of the court reversing the judg-ment and directing a new trial was filed under his authority, and the cause was in like manner directed to stand for trial ; and as he had been allowed by the court to take charge of the litigation in this manner, he undoubtedly was in a position where he had the right to contest the plaintiff's cause of action upon the trial.   And the fact that he voluntarily failed to do that, cannot be permitted to relieve him from the effect of his preceding conduct, by which he made himself a party to the action.   In the proceedings carried on at his instance and under his authority, the Supreme Court of the United States must have taken this view of his relation to the litigation, and that his proceedings were regular for that purpose, without being himself substituted as the nominal defendant in the action ; for, if that view had not been adopted, the receiver would not have been permitted to carry on the litigation as he did, and

to be represented in the argument of the cause, as that was done while it was pending in the Supreme Court. No other view can reasonably be taken of what there transpired than that the court considered him regularly entitled to proceed with the litigation as he did, as the receiver of the company, although the company itself had previously been dissolved, and, in what he did, he has as completely made himself the defendant in the litigation as though he had been named as such in the action.

This case differs in these material circumstances from that of *McCulloch* v. *Norwood* (58 N. Y., 563), for there was no participation there, on the part of the receiver, in the action in the State of Ohio, in which the judgment sued upon was recovered, and beyond that the illegality of the judgment was determined upon the concession that the law of the State of Ohio, relative to the abatement and revival of actions was the same as that prevailing in this State, which required the receiver, as a matter of regularity, to be made a party after the corporation itself had been dissolved. There was neither no such concession in the present case, nor was it made to appear that by the law of the State of Tennessee, in which the action was pending, and was tried, there was any irregularity in carrying the litigation to a final termination in its name, when the company had, during its pendency, been dissolved and a receiver of its effects had been appointed. The presumption, on the other hand, would be from the course of the proceeding before the Supreme Court of the United States, that it was regularly conducted in the name of the company, notwithstanding its dissolution during the pendency of the action. This circumstance also distinguished this case from that of *Matter of Norwood* (32 Hun, 196), and it is supported to some extent, at least by a decision which was made in *Hibernia Bank* v. *Mechanics', etc., Bank* (21 Hun, 166), and *Cruger* v. *Hudson River Railroad Company* (2 Kern., 190), warrants no other or different view, for in that case the conduct held not to be a waiver of the proceeding carried on in the absence of legal authority, consisted of mere objections, while here the receiver took charge of, and himself conducted, the litigation upon the writ of error, the filing of the mandate, and the entry of the direction for another trial. That was a litigation of the action upon its merits, which, even according

to this authority, would have been a waiver in the proceedings under consideration.   (Id., 201.)

The receiver proceeded so far with the litigation as to deprive, by his efforts, the plaintiffs of the judgment which they had recovered against the company before it was dissolved, and in that manner he obtained the securities provided for the indemnity of the sureties in the bond on suing out the writ of error.   After that he had nothing to gain by continuing to resist the plaintiff's action, unless he might have made a successful defense upon the trial.   But that he elected not to attempt, but left the action to be tried under the order entered in the Circuit Court, containing the necessary direction for that purpose.   By this abandonment of the litigation after he had made himself, for all practical purposes, a party to it, and had secured its control, direction and disposition, he could not relieve himself legally from the result of the proceedings.   The action had become, for legal purposes, an action against himself as receiver, by these proceedings taken under his authority, with the sanction of the Supreme Court.   After that, no necessity existed for a more formal revival of the action by inserting his name as defendant in place of the company, for he had sanctioned the regularity of the litigation in the shape in which it was terminated, by himself continuing it in the name of the company.   This rendered the judgment finally recovered legally effectual against him as receiver, and it should have been permitted to be included with the other claims to be paid, as far as that might be done, out of the proceeds of the assets of the company to be disposed of and distributed by the receiver.

The order should be reversed, with the usual costs and disbursements, and an order entered directing the allowance of the claim made, and the receiver to include it with those of other claims against the assets of the insurance company.

VAN BRUNT. P. J. and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and order entered as directed in opinion.